UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **DANNY NEAL** | **CASE NO. 3:20-CV-00641** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **TRAVELERS INDEMNITY CO** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Before the undersigned magistrate judge, on reference from the District Court, is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendant Travelers Indemnity Co. [doc. # 10]. The motion is opposed. For reasons that follow, it is recommended that the motion be DENIED.

**Background**

This litigation, originally filed in state court, but properly removed on May 21, 2020, concerns whether Travelers breached the terms of its uninsured motorist policy with Neal. Neal alleges that on July 24, 2018, he was operating a 2015 International Prostar TT in the right, southbound lane of an interstate highway in Cooke County, Texas when an unknown driver of a pick-up truck which was traveling in the left, southbound lane carelessly and without warning moved from the left lane into Neal's pathway in the right lane, causing Neal's vehicle to exit the roadway and turn over. (Compl. ¶¶ 2-5).

At the time in question, Travelers was Neal's uninsured motorist insurance carrier. *Id.* at ¶ 8. On or about September 24, 2019, Neal sought payment under the uninsured motorist policy, but Travelers denied coverage. *Id.* at ¶ 9. Thus, Neal alleges Travelers is in breach of the agreement. *Id.* at ¶ 10.

On June 10, 2020, Travelers filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). [doc. # 10]. On June 30, 2020, Neal filed his opposition. [doc. # 15]. On July 10, 2020, Travelers filed its reply. [doc. # 18]. The matter is ripe.

## Law and Analysis

### A. Rule 12(b)(6) standard

A claim must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007)(quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)). The facts alleged, taken as true, must state a claim that is plausible on its face. *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### B. Analysis of the 12(b)(6) motion

Travelers argues that Neal's claim should be dismissed because his complaint does not allege the existence of an independent and disinterested witness. It contends that because the claim is based on a "miss and run," this element is essential to Neal's claim, and the failure to plead same requires dismissal of the claim. The court disagrees. Travelers fails to point to any cases in which a court dismissed a lawsuit prior to discovery because of this alleged pleading error, and the court has found none. Neal's complaint sets forth a plausible claim and provides Travelers with fair

notice of the grounds for his claim. It is unnecessary for him to plead the presence of an independent and disinterested witness to provide Travelers with fair notice.

Of course, to succeed on his claim, Neal will have to produce an independent and disinterested witness who can corroborate his factual allegations. *See* La. R.S. § 22:1295(1)(f). Whether plaintiff can satisfy this standard is an *evidentiary issue*, not a pleading requirement. If, after a reasonable time for discovery, the plaintiff does not produce an independent and disinterested witness, the defendant can move for summary judgment. But until that point, this issue does not prevent the litigation from moving forward.

## Conclusion

For the above-stated reasons,

IT IS RECOMMENDED that defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS**

**AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 16th day of July 2020.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE